United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHLEEM TINDLE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DALY CITY, *et al.*,<br><br>Defendants. | Case No. 13-cv-02449-JD<br><br>**ORDER CONDITIONALLY GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS**<br><br>Re: Dkt. No. 33 |

## INTRODUCTION

Counsel for Plaintiffs, the Law Offices for John L. Burris and DeWitt Lacy, have moved pursuant to Civil Local Rule 11-5 for an order permitting them to withdraw as counsel in this matter. The Court issued an order on April 29, 2014 requiring the personal appearance of the Plaintiffs at the hearing on this motion. Dkt. No. 38. A hearing was held on June 4, 2014, and Plaintiffs appeared. The Court conditionally grants the Law Offices of John L. Burris and Mr. Lacy's motion to withdraw.

## ANALYSIS

Under the Local Rules of this Court, counsel may not withdraw from an action until "relieved by order of the Court after reasonable advance written notice has been given to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). "When withdrawal by an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or *pro se*." Civil L.R. 11-5(b).

1   The Local Rules require attorneys practicing in this district to "comply with the standards of professional conduct required of members of the State Bar of California." Civ. L.R. 11-4(a)(1). Rule 3-700 of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel. Under that rule, an attorney may seek to withdraw for several reasons, including when the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively" or if the attorney "believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Cal. R. Prof'l Conduct 3-700(C)(1)(d), 3-700(C)(6); *see Orange Cnty. Elec. Indus. Health and Welfare Trust Fund v. Moore Elec. Contracting, Inc.*, No. 11-CV-00942-LHK, 2011 WL 2940311, at *1 (N.D. Cal. July 20, 2011). Before withdrawing, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." Cal. R. Prof'l Conduct 3-700(A)(2).

Counsel for Plaintiffs contend that "[a] conflict has arisen amongst the various parties which necessitates counsel's withdrawal" as Plaintiffs and Counsel for Plaintiffs "have irreconcilable differences over the management and direction of the litigation." Dkt. No. 33 at 4. Counsel for Plaintiffs believe they are unable to represent Plaintiffs "given the individual and separate interests of the Plaintiffs in this matter." *Id.* Counsel for Plaintiffs state that they have provided written notice of their intent to withdraw as counsel, pursuant to Civil Local Rule 11-5(a), to Plaintiffs and counsel for Defendants. Dkt. No. 34 at 1.

This Court is satisfied that Counsel for Plaintiffs have fulfilled the necessary prerequisites to seek to withdraw. Counsel for Plaintiffs have provided reasonable notice to Plaintiffs of their intention to withdraw and provided time for Plaintiffs to attempt to locate substitute counsel. Counsel for Plaintiffs have also demonstrated through a declaration that the individual and separate interests of the Plaintiffs have made it unreasonably difficult for Counsel for Plaintiffs to conduct the representation. *See* Dkt. No. 34. At the hearing, Plaintiffs stated that they do not object to the withdrawal.

**CONCLUSION**

The Law Offices of John L. Burris and Mr. Lacy's motion to withdraw is granted on the condition that they continue to provide Plaintiffs with all documents filed in this case, and all correspondence relating to the case, until Plaintiffs have filed a substitution of counsel or have appeared *pro se*, as provided by Civil Local Rule 11-5(b). Mr. Lacy must file an update with this Court about the status of Plaintiff's substitution of counsel by June 18, 2014. The Law Offices of John Burris and Mr. Lacy must also promptly return any client papers and files to Plaintiffs, as well as issue a refund of any fee paid in advance that has not been earned. *See* Cal. R. Prof'l Conduct R. 3-700(D).

**IT IS SO ORDERED.**

Dated: June 5, 2014

_____
JAMES DONATO
United States District Judge