UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHLEEM TINDLE, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>CITY OF DALY CITY, et al.,<br><br>   Defendants. | Case No.  13-cv-02449-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 128,132 |

Pending before the Court is Sahleem Tindle's administrative motion for leave to file documents under seal in conjunction with his opposition to the motion to withdraw as counsel, Dkt. No. 128, as well as counsel's administrative motion to file a reply under seal, Dkt. No. 132. No opposition has been filed to the motions and the time to do so has passed.  *See* Civ. L.R. 7-11.

I.   **LEGAL STANDARD**

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous

1 statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598).  The Court must

2 "balance the competing interests of the public and the party who seeks to keep certain judicial

3 records secret.  After considering these interests, if the court decides to seal certain judicial

4 records, it must base its decision on a compelling reason and articulate the factual basis for its

5 ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

6     Civil Local Rule 79-5 further supplements the compelling reasons standard.  The party

7 seeking to file a document or portions of it under seal must "establish[ ] that the document, or

8 portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection

9 under the law. . . . The request must be narrowly tailored to seek sealing only of sealable

10 material." Civil L.R. 79-5(b).

11     Records attached to motions that are only "tangentially related to the merits of a case" are

12 not subject to the strong presumption of access.  *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809

13 F.3d 1092, 1101 (9th Cir. 2016).  Accordingly, parties moving to seal such records must meet the

14 lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.  *Id.* at 8-9.

15 The "good cause" standard requires a "particularized showing" that "specific prejudice or harm

16 will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

17 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P.

18 26(c).

19     Because the underlying motion is only "tangentially related to the merits" of the case, the

20 Court applies the good cause standard.

21 **II.    DISCUSSION**

22     Having reviewed both requests to seal, the Court finds that (1) the Opposition to Notice of

23 Motion and Motion to Withdraw as Counsel of Record for Plaintiffs and Declaration of Yolanda

24 Banks-Reed in Support, Dkt. No. 128, and (2) counsel's Reply in Further Support of the Motion to

25 Withdraw, Dkt. No. 132, contain sealable information, such as attorney-client communications.

26 The Court concludes there is good cause for the parties to file these documents under seal in order

27 to prevent any harm or prejudice by the disclosure of such communications.

28 \\

Accordingly, the Courts **GRANTS** the administrative motions to seal, Dkt. Nos. 128, 132.

**IT IS SO ORDERED.**

Dated: 2/12/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge