UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHLEEM TINDLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DALY CITY, et al.,<br><br>Defendants. | Case No. 13-cv-02449-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND SCHEDULING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 127 |

Plaintiffs have been represented by Dechert LLP since December 8, 2014. Dkt. No. 73. On January 8, 2016, counsel moved to withdraw for the reasons stated in counsel's declaration, Dkt. No. 127. Plaintiffs opposed the motion and submitted a declaration with their opposition. Dkt. No. 128. The Court held a hearing on February 18, 2016, at which Plaintiffs and Dechert appeared, and GRANTED the motion to withdraw.

**I.   ANALYSIS**

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or pro se. Civ. L.R. 11-5(b).

1   Withdrawal is governed by the California Rules of Professional Conduct. *See j2 Glob.*
2   *Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24,
3   2009)). California Rule of Professional Conduct 3–700(c) provides that an attorney may request
4   permission to withdraw if the client's "conduct renders it unreasonably difficult for the [attorney]
5   to carry out the employment effectively" or if the attorney "believes in good faith, in a proceeding
6   pending before a tribunal, that the tribunal will find the existence of other good cause for
7   withdrawal." The decision to grant or deny a motion to withdraw is within the Court's discretion.
8   *Id.*; *Gong v. City of Alameda*, No. C 03–05495 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8,
9   2008).

10   At the hearing, counsel confirmed that he has taken reasonable steps to avoid prejudice to
11   his clients by serving on Plaintiffs written notice of Dechert's intention to withdraw, as required
12   by the local rules.

13   On the record before the Court (including each party's submissions), the Court finds good
14   cause to allow counsel to withdraw based on the breakdown of the attorney-client relationship.
15   *See generally Adams v. City of Hayward*, No. 14-CV-05482-KAW, 2015 WL 5316124, at *2
16   (N.D. Cal. Sept. 11, 2015) (granting motion to withdraw). The record reflects that the individual
17   and separate interests of the Plaintiffs have made it unreasonably difficult for counsel to
18   effectively carry out the representation. Because Plaintiffs have not consented to the withdrawal,
19   the motion is granted on the condition that Dechert LLP continue to serve Plaintiffs with all papers
20   from the Defendants and the Court until Plaintiffs file notice of a substitution of counsel or intent
21   to proceed pro se, as provided by Civil Local Rule 11–5(b).

22
23   //
24   //
25   //
26   //
27   //
28

## II. CONCLUSION

As explained on the record at the hearing, the Court GRANTS the motion to withdraw. As explained at the hearing, Plaintiffs have thirty days to retain substitute counsel if they can (and wish to) do so. The Court schedules a Case Management Conference for March 22, 2016 at 2:00 PM. Plaintiffs need to be prepared to proceed pro se (in other words, to represent themselves) if they do not retain counsel before the Case Management Conference.

**IT IS SO ORDERED.**

Dated: 2/19/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3