UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHLEEM TINDLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DALY CITY, et al., <br><br> Defendants. | Case No.  13-cv-02449-HSG   (DMR) <br><br> **ORDER RE DEPOSITION OF PLAINTIFF SAHLEEM TINDLE; PLAINTIFF BANKS-REED'S UNILATERAL DISCOVERY LETTER RE DISCOVERY MATERIALS DESIGNATED "ATTORNEY'S EYES ONLY"** <br><br> Re: Dkt. Nos. 150, 151, 153 |

Before the court are two unilateral discovery letters.  The first contains Defendants' motion to compel Plaintiff Sahleem Tindle to appear for his deposition, which most recently was noticed for May 24, 2016.  Defendants' May 19, 2016 Unilateral Discovery Letter [Docket No. 150].  In the second letter, Plaintiff Banks-Reed challenges the designation of certain discovery as "Attorney's Eyes Only," and seeks production of all such designated discovery directly to Plaintiffs, who now are proceeding pro se.[1]  Banks-Reed also seek sanctions against Defendants for an alleged failure to meet and confer.  Plaintiff Banks-Reed's May 19, 2016 Unilateral Discovery Letter [Docket No. 151].  The presiding judge, the Hon. Haywood S. Gilliam, Jr., has referred all discovery disputes in this case to the undersigned.  [Docket No. 99.]

# I.    FACTUAL BACKGROUND

Plaintiffs Sahleem Tindle, Yolanda Banks-Reed, Ciara Turner, minor R.R., minor I.T., and Kevin Reed filed the present action in May 2013 against Defendants the City of Daly City ("the

---

[1] Plaintiffs were initially represented by the Law Offices of John L. Burris.  [Docket No. 1.]  That firm moved to withdraw as counsel, and the court granted the motion in June 2014.  [Docket Nos. 33 and 43.]  The court subsequently referred plaintiffs to the Federal Pro Bono Project and Stephen Akerley of the law firm of Dechert LLP was appointed as pro bono counsel for Plaintiffs in December 2014.  [Docket Nos. 67 and 73.]  In January 2016, Plaintiffs' counsel made a motion to withdraw, which the court granted in February 2016.  [Docket Nos. 127 and 136.]

United States District Court
Northern District of California

City"), and Daly City Police Officers Shane Hart and Mario Busalacchi.  The lawsuit challenges conduct arising out of a traffic stop on April 18, 2012 in Daly City, California.  Complaint [Docket No. 1] ¶¶ 1, 15, 16.  In the course of the traffic stop, a physical altercation ensued between Tindle and the Defendant officers.  *Id.* at ¶¶ 21-22.  One of the Defendant officers deployed his taser on Tindle.  *Id.* at ¶ 22.

Tindle brings claims for violation of 42 U.S.C. §1983, assault and battery, false arrest and imprisonment, intentional infliction of emotional distress, violation of California Civil Code §§ 51.7 and 52.1, and negligence against Hart and Busalacchi.  Plaintiffs Banks-Reed, Reed, minor R.R., and Ciara Turner bring a claim for negligent infliction of emotional distress against the City, Hart and Busalacchi.[2]  *See* Compl.

## II.    PLAINTIFF TINDLE'S DEPOSITION

On June 17, 2015, Defendants first noticed Tindle's deposition to take place on July 27, 2015.  Joint Statement of Discovery History, Nov. 20, 2015 Joint Discovery Letter [Docket No. 112] at 2.  After lengthy meet and confer efforts, Defendants served Plaintiffs with deposition notices for depositions beginning on October 19, 2015.  *Id.* at 2-3.  Plaintiffs subsequently informed Defendants that they were no longer available the week of October 19, 2015, but offered the week of October 26, 2015.  *Id.* at 3.  After more communication, Plaintiffs' counsel agreed to make Tindle available for deposition on Monday, October 26, 2015, with the remaining Plaintiffs to follow.  *Id.*  On the afternoon of Friday, October 23, 2015, Plaintiffs' counsel informed Defendants that Tindle would not be appearing for his deposition on October 26, 2015.   On November 5, 2015, Plaintiffs informed Defendants for the first time that it was unclear whether Tindle would be able to provide deposition testimony in the case due to mental health issues.  *Id.* at 3-4.

On November 20, 2015, the parties filed a joint discovery letter in which Defendants sought to compel Tindle to appear for his deposition, or to stay the case if Tindle was not able to give accurate deposition testimony.  *Id.*  Plaintiffs conceded that Defendants had a right to depose

---

[2] The parties stipulated to the dismissal with prejudice of minor I.T.'s claims.  [Docket No. 102.]

United States District Court
Northern District of California

1   Tindle, but argued that Defendants did not have a right to depose Tindle before the other Plaintiffs.

2   *Id.* at 6.   Defendants argued that Tindle was the "main witness, protagonist and only individual

3   who has brought civil rights clams against Defendants" and that his testimony was essential to

4   Defendants' ability to defend against the case.   [Docket No. 112 at 5.]

5       The undersigned held a hearing on the dispute on November 30, 2015.   At the hearing,

6   Plaintiffs' pro bono counsel represented to the court that Tindle was unable to sit for his

7   deposition due to the fact that he was suffering from Post-Traumatic Stress Disorder, which

8   rendered him unable to recount the basic facts of the case.   Counsel stated that Tindle had started

9   seeing a therapist in the last two weeks and that counsel had requested a release from Tindle and

10   an assessment from the therapist, but had not been able to obtain them.   The court instructed

11   Plaintiffs' counsel to make best efforts to submit an assessment from Tindle's therapist within a

12   week.   Plaintiffs did not submit the assessment.   Instead, on December 11, 2015, Plaintiffs filed a

13   letter stating that Tindle would appear for his deposition.   Dec. 11, 2015 Letter from Plaintiffs'

14   counsel [Docket No. 120].   In light of this change in position, the court instructed the parties to

15   submit a stipulated proposed deposition schedule.   [Docket Nos. 121-123.]   The parties' proposed

16   schedule set Tindle's deposition on January 14, 2016, prior to the depositions of the other

17   Plaintiffs or the Defendant officers.   December 17, 2015 Letter with Joint Proposed Deposition

18   Schedule [Docket No. 122].   The undersigned approved the schedule and directed the parties to

19   submit a proposal for an extension for the fact discovery cut-off to Judge Gilliam.   Order re

20   Parties' Joint Proposed Deposition Schedule [Docket No. 123].

21       Prior to the date of Tindle's deposition, Plaintiffs' pro bono counsel filed a motion to

22   withdraw as counsel of record.   Motion to Withdraw [Docket No. 127].   Judge Gilliam granted the

23   motion on February 19, 2016.   Order Granting Motion to Withdraw [Docket No. 136].   Tindle's

24   deposition did not go forward.

25       On March 22, 2016, Judge Gilliam held a case management conference ("CMC") with

26   Plaintiffs Banks-Reed and Reed and Defendants' counsel in attendance.   March 22, 2016 CMC

27   Minute Order [Docket No. 137.]   At the conference, Plaintiff Banks-Reed agreed to accept service

28   on behalf of all of the Plaintiffs.   March 22, 2016 CMC H'rg Tr.   [Docket No. 149] at 8:4-25.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   Judge Gilliam told the parties that the depositions of the Plaintiffs and the Defendant officers had

2   to move forward promptly, and instructed the parties to meet and confer to update the previously

3   agreed-upon deposition schedule.  *Id.* at 4:15-22, 9:12-21, 11:21-12:7.  Judge Gilliam issued a

4   scheduling order extending the fact discovery cutoff to August 5, 2016.  Scheduling Order

5   [Docket No. 138].

6       On May 10, 2016, Defendants served a notice for Tindle's deposition for May 24, 2016,

7   which Defendants state was the only date that Plaintiffs had provided for Tindle's deposition.

8   Defendants' May 19, 2016 Unilateral Discovery Letter [Docket No. 150 at 3]; Deposition Notice

9   [Docket No. 150, Ex. 3].  The depositions for Banks-Reed, minor R.R., Ciara Turner, minor I.T.,

10  and Reed were noticed for May 25 and 26, 2016.  Deposition Notice [Docket No. 150, Ex. 3.]

11      On May 19, 2016, Defendants filed a unilateral discovery letter asking the court to compel

12  Tindle to appear for his deposition on May 24, 2016.  [Docket No. 150.]  According to

13  Defendants, Tindle had not objected to the notice of deposition, nor did he confirm his intent to

14  appear at the May 24, 2016 deposition.  *Id.*  On May 31, 2016, the court issued a clerk's notice

15  requesting that Defendants indicate whether Tindle had appeared for his deposition.  [Docket No.

16  152.]  Defendants filed a letter stating that Tindle's deposition did not go forward on May 24,

17  2016 because Banks-Reed informed Defendants on May 20, 2016 that she could not confirm

18  whether or not Tindle would attend his deposition.  Defendants' June 1, 2016 Letter [Docket No.

19  153.]  Defendants stated that they took the depositions off calendar to avoid the expense of the

20  videographer and court reporter.  *Id.*

21      In light of this history, it is clear that Tindle's deposition should go forward without further

22  delay.  The undersigned orders that **by Monday, June 6, 2015,** Tindle must file a letter that

23  provides at least five available weekday dates for deposition during the weeks of June 6, 2016 and

24  June 13, 2016.  Defendants shall promptly re-notice Tindle's deposition for one of his available

25  dates.  Tindle's failure to attend his deposition may result in sanctions.   The parties shall also

26  immediately meet and confer to schedule depositions for the remaining Plaintiffs and the

27  Defendant Officers.  Those depositions shall take place after Tindle's deposition.

28

4

### III.     PLAINTIFFS' ACCESS TO "ATTORNEY'S EYES ONLY" MATERIAL

On May 19, 2016, Plaintiff Banks-Reed filed a unilateral discovery letter seeking access to all material designated as "Attorney's Eyes Only" ("AEO") material directly to pro se Plaintiffs. [Docket No. 151].  Defendants have not filed a response or otherwise informed the court of their position on the issues set forth in the letter.

**By June 10, 2016,** Defendants are hereby ordered to file a two-page response to Plaintiff's discovery letter.  Defendants shall inform the court of the volume and types of materials that they have designated as AEO in this case.  Defendants shall also attach a log, similar to a privilege log, identifying the materials designated as AEO, the basis for withholding the materials from the Plaintiffs, and whether Defendants' concerns about Plaintiffs' access to the discovery materials can be addressed through redactions.

**IT IS SO ORDERED.**

Dated: June 3, 2016

_____
Donna M. Ryu
United States Magistrate Judge