UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHLEEM TINDLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF DALY CITY, et al.,<br><br>    Defendants. | Case No. 13-cv-02449-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 142 |

Plaintiffs Sahleem Tindle, Yolanda Banks-Reed, Ciara Turner, Kevin Reed and minor R.R. ("Plaintiffs") move for leave to file an amended complaint. Dkt. No. 142. Defendants oppose the motion. Dkt. No. 144. The Court held a hearing on the motion on June 2, 2016. Dkt. No. 154. For the reasons explained below, and on the record at the hearing, Plaintiffs' motion is denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs, along with former plaintiff minor I.T., filed this action on May 30, 2013 against Defendants the City of Daly City ("the City"), and Daly City Police Officers Shane Hart and Mario Busalacchi. The lawsuit challenges conduct arising out of a traffic stop on April 18, 2012 in Daly City, California. Dkt. No. 1 (Complaint) ¶¶ 1, 15, 16. In the course of the traffic stop, a physical altercation ensued between Tindle and the Defendant officers. *Id.* at ¶¶ 21-22. One of the Defendant officers deployed his Taser on Tindle. *Id.* at ¶ 22.

Tindle brings claims for violation of 42 U.S.C. §1983, assault and battery, false arrest and imprisonment, intentional infliction of emotional distress, violation of California Civil Code §§ 51.7 and 52.1, and negligence against Hart and Busalacchi. Plaintiffs Banks-Reed, Reed, minor R.R., and Ciara Turner bring a claim for negligent infliction of emotional distress against the City,

Hart and Busalacchi. *See* Compl.[1]

Plaintiffs now seek to amend the complaint to (1) assert additional Section 1983 claims on behalf of Reed, Banks-Reed, Turner and minor R.R.; (2) assert additional Civil Code section 51.7 claims on behalf of Reed, Banks-Reed, Turner and minor R.R.; (3) assert additional Civil Code section 52.1 claims on behalf of Reed, Banks-Reed, Turner and minor R.R.; and (4) add factual allegations regarding the April 2012 incident.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading within twenty one days from service or "with the opposing party's written consent or the court's leave." Under Rule 15(a), leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation marks omitted). However, despite the liberality with which Rule 15(a) is applied, leave to amend is not granted automatically. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Among other reasons, a district court may exercise its discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on part of the movant," "undue prejudice to the opposing party," or "futility of amendment." *Carvalho v. Equifax Info. Svcs.*, 629 F.3d 876, 892 (9th Cir. 2010); *see also AmerisourceBergen*, 465 F.3d at 951.

## III. ANALYSIS

Assessing the factors identified by the Ninth Circuit, the Court concludes that the motion for leave to amend should be denied.

### A. Undue Delay

This case has now been pending for over three years, and it has been over four years since the April 2012 incident that forms the basis of Plaintiffs' claims. Dkt. No. 1. The first scheduling order in the case, filed in December 2013, set trial for May 2015. Dkt. No. 28. The Court has had to continue the trial twice, first until May 2016, Dkt. No. 86, and then until April 2017. Dkt. No. 138. Two separate sets of attorneys have withdrawn from representing Plaintiffs, in June 2014

---

[1] In August 2015, the parties stipulated to the dismissal of minor I.T.'s claims with prejudice. Dkt. No. 102.

and February 2016, with the Court's permission. Dkt. Nos. 43, 136. Discovery is set to close in just over two months, Dkt. No. 138, and as of today no depositions have taken place. Plaintiff Tindle has been ordered twice to provide available dates for a deposition during the week of June 13, 2016, and has now done so. Dkt. Nos. 155, 156, 157. The defendants plan to file a motion for summary judgment following the close of discovery, Dkt. No. 137 at 8. As the Court indicated at the hearing on the motion, it is time to bring this long-pending case to a prompt resolution.

The basis for all of the additional claims and facts Plaintiffs seek to add by way of amendment has been known to them since before the filing of the May 2013 complaint. Plaintiffs, and their counsel, chose to frame the case the way they did in May 2013, and only now move to amend. This fact weighs strongly against granting leave to amend now. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (explaining that Ninth Circuit has "noted that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action," and affirming denial of leave to amend where the plaintiff's delay in bringing the proposed claim was the result of a "tactical choice" to omit that claim in the original complaint); *AmerisourceBergen*, 465 F.3d at 953 ("[I]n evaluating undue delay, we also inquire 'whether the moving party knew or should have known the *facts and theories* raised by the amendment in the original pleading.'") (citation omitted) (emphasis added). Delays as short as six to eight months have been found to support denying leave to amend. *See id.* (recognizing that the Ninth Circuit has "held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable").

Overall, this factor weighs strongly against granting the motion.

### B.    Undue Prejudice/Futility

Each of Plaintiffs' claims under Sections 1983, 51.7 and 52.1 is subject to a statute of limitations of, at most, two years. *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003); Cal. Code Civ. Proc. ("CCP") §§ 335.1, 388; Cal. Gov't Code §§ 905, 950.2. Without dispute, the acts forming the basis of the proposed new claims occurred on April 18, 2012, or "a few days later." Dkt. No. 143 (proposed amended complaint) at ¶¶ 14-30.

On the face of the proposed amended complaint, therefore, there appears to be a high likelihood that the new claims are time-barred. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (district court did not abuse its discretion in denying leave to amend based, in part, on "potential futility" of claims). While "the relation back doctrine is to be liberally applied," *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014), Plaintiffs have not articulated a basis for application of the doctrine.

Moreover, the Court finds that it would be unfairly prejudicial to expand the scope of these claims three years into the case to include individuals who previously had pled only a negligent infliction of emotional distress claim. *See Morongo Band*, 893 F.2d at 1079 (fact that "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense," among other factors, supported denial of leave to amend). At all times, the alleged theory has been that Defendants used excessive force against Tindle, resulting in emotional distress to the other plaintiffs. *See* Compl. at ¶¶ 1 ("These claims arise out of the unlawful and unprovoked beating and tasing of Plaintiff TINDLE which was observed by the remaining Plaintiffs, his family members."), 28 ("Defendant Officers HART and BUSALACCHI used illegal and excessive force against Plaintiff TINDLE in plain and open view of the remaining Plaintiffs, his family members."). Adding causes of action on behalf of all Plaintiffs based on Defendants' allegedly discriminatory motive in conducting the traffic stop and detention substantially changes the nature of the case.

The Court also finds that the significant changes in the proposed amended complaint, most notably adding four new plaintiffs to three of the central causes of action, pose an undue risk that the case will need to be delayed further to accommodate additional discovery and motions practice. *See Harris v. Vector Marketing Corp.*, 2009 WL 3710696, at *2 (N.D. Cal. Nov. 4, 2009) ("Although there is no precise definition for prejudice under Rule 15, prejudice is generally found where the amendment would cause substantial delay in the proceedings.").

These factors also weigh against granting Plaintiffs' motion.

## IV.     CONCLUSION

For these reasons, Plaintiffs' motion for leave to amend is denied.

**IT IS SO ORDERED.**

Dated: 6/9/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge