UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHLEEM TINDLE, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF DALY CITY, et al.,<br><br>  Defendants. | Case No. 13-cv-02449-HSG (DMR)<br><br>**ORDER RE DEPOSITION OF PLAINTIFF TINDLE**<br><br>Re: Dkt. Nos. 150, 155, 156, 157 |

On June 3, 2016, following numerous failed attempts to take Plaintiff Sahleem Tindle's deposition, the court ordered Tindle to file a letter by June 6, 2016 providing at least five available weekday dates for his deposition during the weeks of June 6, 2016 and June 13, 2016. [Docket No. 155.] Tindle failed to do so.

On June 7, 2016, the court ordered Tindle to show cause for his failure to comply with the court's June 3, 2016 order, and again ordered Tindle to file a letter indicating at least three available weekday dates for his deposition during the week of June 13, 2016. [Docket No. 156.] Tindle filed a letter on June 9, 2016 stating that he is available for his deposition on the dates of June 15, 16, and 17, 2016. [Docket No. 157.] His letter did not explain his failure to comply with the court's June 3, 2016 order. *Id.*

In his letter, Tindle also argued that it would be "in jeopardy of due process" for him and the other Plaintiffs to give deposition testimony without counsel. *Id.* The court will construe this as a request for the appointment of counsel and/or a request to delay Tindle's deposition until he can retain yet another lawyer.[1]

---

[1] Plaintiffs have already been represented by two firms, both of which sought and requested the right to withdraw. Plaintiffs were initially represented by the Law Offices of John L. Burris. [Docket No. 1.] That firm moved to withdraw as counsel, and the court granted the motion in June

To the extent that Tindle's letter can be construed as a request for appointment of counsel, the request is denied. There is no constitutional right to counsel in a civil case, unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services,* 452 U.S. 18, 25 (1981); *Turner v. Rogers,* 131 S.Ct. 2507, 2510 (2011) (right to counsel exists only in cases involving risk of incarceration); *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir.1997) (no constitutional right to counsel in a § 1983 action), *withdrawn in part on other grounds on reh'g en banc,* 154 F.3d 952 (9th Cir.1998) (en banc); *Jaa v. City of Dublin*, No. 14-CV-03260-WHO, 2014 WL 6986234, at *5 (N.D. Cal. Dec. 10, 2014) (denying request for appointment of counsel for plaintiff in case alleging civil rights and state tort law claims against city and defendant law enforcement officers for actions related to his arrest and detention). Plaintiffs face no risk to their liberty if they lose their case. They do not face criminal or civil contempt charges that are punishable by incarceration. Instead, they seek damages for Defendants' alleged actions during a traffic stop.

To the extent that Tindle's letter can be construed as a request for a continuance, the Honorable Haywood Gilliam has already declined to issue a further stay for Plaintiffs to attempt to retain new counsel. At the March 22, 2016 case management conference, Judge Gilliam told the parties that the depositions of the Plaintiffs and the Defendant officers had to move forward promptly, and instructed the parties to meet and confer to update the previously agreed-upon deposition schedule. March 22, 2016 CMC H'rg Tr. [Docket No. 149] at 4:15-22, 9:12-21, 11:21-12:7. Judge Gilliam denied Plaintiff Yolanda Banks-Reed's request to stay the case to give Plaintiffs more time to attempt to retain an attorney. *Id.* at 2:24-4:13. In light of the age and posture of the case, Judge Gilliam stated that the case needs to move towards a resolution and that Plaintiffs should be prepared to move forward as their own counsel. *Id.* at 4:7-13. Judge Gilliam issued a scheduling order setting the fact discovery cutoff as August 5, 2016. Scheduling Order

---

2014. [Docket Nos. 33 and 43.] The court subsequently referred plaintiffs to the Federal Pro Bono Project and Stephen Akerley of the law firm of Dechert LLP was appointed as pro bono counsel for Plaintiffs in December 2014. [Docket Nos. 67 and 73.] In January 2016, Plaintiffs' counsel made a motion to withdraw, which the court granted in February 2016. [Docket Nos. 127 and 136].

[Docket No. 138].

In light of the long history of difficulty in securing Tindle's deposition, (described more fully in the June 3, 2016 Order) the court rejects Plaintiffs' request that Tindle's deposition take place after the other Plaintiffs. This is particularly appropriate because Tindle's testimony clearly is central to the entire case. Defendants shall promptly re-notice Tindle's deposition for June 15, 16 or 17, 2016. Plaintiff Tindle shall appear for his deposition. Failure to do so may result in sanctions, up to and including dismissal of his claims for failure to prosecute his case.

**IT IS SO ORDERED.**

Dated: June 9, 2016

Donna M. Ryu
United States Magistrate Judge