# HOWARD ROME MARTIN & RIDLEY LLP

ATTORNEYS AT LAW

1900 O'FARRELL STREET, SUITE 280
SAN MATEO, CA 94403-1386
TELEPHONE: (650) 365-7715
FACSIMILE: (650) 364-5297

LOS ANGELES OFFICE
TELEPHONE: (213) 223-2279
www.hrmrlaw.com

SAN MATEO • LOS ANGELES

Ryan Kujawski, Esq.
rkujawski@hrmrlaw.com

Direct Dial: (650) 980-1039

June 10, 2016

VIA E-FILING

Honorable Donna Ryu
United States District Court
Northern District of California
Oakland Courthouse, Courtroom 4 3rd Floor
1301 Clay Street
Oakland, CA 94612

   Re: *Tindle v. City of Daly City, et al.* Case No. 13-cv-02449-HSG

Dear Judge Ryu:

Defendants City of Daly City, et al. write in response to the Court's June 3, 2016 order regarding documents identified as "Attorney's Eyes Only (AEO)." Defendants would have preferred to have presented this issue sooner; however plaintiffs failed to meet and confer and did not afford defendants an opportunity to state their position in their unilateral letter to the Court. Due to the space limitations requested by your honor, defendants incorporate their arguments and objections made in DOC 150 when this issue was previously before the court.

## *Nature of the Documents Designated "Attorney's Eyes Only"*

Plaintiffs' requests for production of documents sought documents related to this action, as well as, <u>all</u> internal affairs documents for the defendant Officers. While defendants have always maintained that this request was extremely overreaching and not reasonably calculated to the discovery of admissible evidence, they have nevertheless produced documents under a protective order. The documents includes ones directed related to this action *and* to investigations completely unrelated to the facts and issues in this action. These documents include internal police documents and witness statements, many of which were made by individuals who are not parties to this current lawsuit. Defendants are not permitted to disclose these documents, or contents therein, pursuant to California Code and Federal privacy concerns.

## *Defendants' position*

Defendants initially objected to plaintiffs' requests as they are vague and ambiguous and the documents sought are privileged and confidential pursuant to California Penal Code §§ 832.5 and 832.7, the Official Information Privilege pursuant California Evidence Code § 1040(b). The City also objected to the requests because the requested production violates the right to privacy of persons who might be identified in the responsive documents (e.g., persons who are not party to the instant lawsuit). These privacy rights are guaranteed by the First, Second, Third, Fourth, Fifth and Ninth Amendments to the United States Constitution. They are further protected by Article I, Section 1 of the California Constitution and the rights to privacy guaranteed to defendants and other persons who might be identified in the documents sought. <u>Griswold v. Connecticut</u>, 381

**HOWARD ROME MARTIN & RIDLEY LLP**

**ATTORNEYS AT LAW**

Hon. Donna Ryu
Re: *Tindle v. City of Daly City, et al.*
Page 2

U.S. 479 (1965).  Defendants have a duty to protect the privacy rights of all citizens, including plaintiffs, named defendants, and private citizens.

While some of the requested documents may be relevant to plaintiffs' action (i.e. documents created for this matter), California law prohibits the City from producing privileged and confidential documents absent an order from the court after it has conducted an *in camera* inspection of the responsive documents.  The City has never objected to producing potentially responsive documents to the court for an *in camera* inspection and respectfully requests an order from the court regarding same in conformance with both California statute and federal case law.

### *Protective Order*

Pursuant to the Court's prior ruling, the parties have entered a stipulation designating the disputed documents "*Attorneys Eyes Only*." The documents were produced to plaintiffs' former counsel, Dechert LLP, who had them in their possession for approximately six (6) months before they withdrew from this action and returned the documents to Defendants.  There were no discussions or requests made during that time to modify any of the designations of the AEO documents.

Defendants find themselves in a very unusual situation where documents have been designated "AEO" and there is no attorney representing plaintiffs.  Nevertheless, defendants believe that a modification of the current stipulated protective order and simple redaction will not suffice to alleviate the defendants' concerns related to California Evidence Code §1040 and Penal Code § 832.7.  Simply put, plaintiffs are not attorneys and are not officers of the court subject to the same scrutiny and regulations as private individuals.  Defendants cannot, pursuant to the law, provide the AEO documents to plaintiffs.

### *In Camera Review/Additional Log*

Based upon the unusual circumstances, defendants respectfully request that the Court conduct an *in camera* review of the AEO documents.  Kelly v. City of San Jose, 114 F.R.D. 653, 671 (N.D. Cal. 1987) and Evidence Code §1045(b).  However, defendants realize that this is a burdensome request for the Court and offer a potential alternative solution to alleviate that burden. Defendants request the opportunity to prepare a further privilege log with an additional column providing further information as to the nature and contents of each particular document. Defendants believe that this will allow the Court to make a more expeditious determination of the relevancy and admissibility of the documents.[1]  If the Court then wished to personally review certain documents to further assist in its decision making we could then provide those documents to the court for an *in camera* review.  Kelly v. City of San Jose, supra, 114 F.R.D. at 671.

However, defendants could only provide this supplemental log if the document was served **under seal** and not provided to plaintiffs or the general public. Providing that additional privilege log to the general public would be in direct violation of the privacy concerns defendants seek to protect. Defendants respectfully request that the Court allow them the opportunity to file this additional log, under seal, which will greatly assist this Court in making a final decision.

*/s/ Ryan Kujawski*
Todd H. Master
Ryan Kujawski
*Counsel for Defendants Daly City et al.*

---

[1] A depiction of what the document would look like has been submitted along with this correspondence.

**HOWARD ROME MARTIN & RIDLEY LLP**

**ATTORNEYS AT LAW**

Hon. Donna Ryu
Re:  *Tindle v. City of Daly City, et al.*
Page 3