UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHLEEM TINDLE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF DALY CITY, et al.,<br><br>    Defendants. | Case No. 13-cv-02449-HSG (DMR)<br><br>**ORDER TO SHOW CAUSE RE: SAHLEEM TINDLE'S FAILURE TO APPEAR FOR DEPOSITION; ORDER RE: TINDLE'S MANDATORY ATTENDANCE AT JULY 7, 2016 HEARING**<br><br>Re: Dkt. Nos. 155, 156, 159- 163 |

On June 24, 2016, Defendants filed a discovery letter stating that Plaintiff Sahleem Tindle failed to appear for his deposition on June 17, 2016. [Docket No. 163.]

Mr. Tindle is hereby ordered to appear in person at the July 7, 2016 hearing at 11:00 a.m. at the United States District Court at 1301 Clay Street, Oakland, California to explain his repeated violations of court orders, as well as his multiple failures to attend his deposition.

A detailed history of Tindle's failure to attend his deposition is set forth in the court's June 3, 2016 Order [Docket No. 155]. The court provides a brief history here. On November 20, 2015, the parties filed a joint discovery letter in which Defendants sought to compel Tindle to appear for his deposition, or to stay the case if Tindle was not able to give accurate deposition testimony. [Docket No. 112.] The undersigned held a hearing on the dispute on November 30, 2015. [Docket No. 116.] At the hearing, Plaintiffs' pro bono counsel represented to the court that Tindle was unable to sit for his deposition due to the fact that he was suffering from Post-Traumatic Stress Disorder, which rendered him unable to recount the basic facts of the case. Counsel stated that Tindle had started seeing a therapist in the last two weeks and that counsel had requested a release from Tindle and an assessment from the therapist, but had not been able to obtain them. The court instructed Plaintiffs' counsel to make best efforts to submit an assessment from Tindle's therapist within a week. [Docket

No. 116.]

Plaintiffs did not submit the assessment.  Instead, on December 11, 2015, Plaintiffs filed a letter stating that Tindle would appear for his deposition.  Dec. 11, 2015 Letter from Plaintiffs' counsel [Docket No. 120].  In light of this change in position, the court instructed the parties to submit a stipulated proposed deposition schedule, which they did.  [Docket Nos. 121-123.]

Prior to the date of Tindle's deposition, Plaintiffs' pro bono counsel filed a motion to withdraw as counsel of record.  Motion to Withdraw [Docket No. 127].  Judge Gilliam granted the motion on February 19, 2016.  Order Granting Motion to Withdraw [Docket No. 136].  Tindle's deposition did not go forward.

On May 10, 2016, Defendants served a notice for Tindle's deposition for May 24, 2016, which Defendants state was the only date that Plaintiffs had provided for Tindle's deposition. Defendants' May 19, 2016 Unilateral Discovery Letter [Docket No. 150 at 3]; Deposition Notice [Docket No. 150, Ex. 3].  On May 19, 2016, Defendants filed a unilateral discovery letter asking the court to compel Tindle to appear for his deposition on May 24, 2016. [Docket No. 150.] According to Defendants, although Tindle had not objected to the notice of deposition, neither had he confirmed his intent to appear on the scheduled date.  *Id.*  On May 31, 2016, the court issued a clerk's notice requesting that Defendants indicate whether Tindle had appeared for his deposition. [Docket No. 152.]  Defendants filed a letter stating that Tindle's deposition did not go forward on May 24, 2016 because Plaintiff Yolanda Banks-Reed informed Defendants on May 20, 2016 that she could not confirm whether or not Tindle would attend his deposition.  Defendants' June 1, 2016 Letter [Docket No. 153.]  Defendants stated that they took the depositions off calendar to avoid the expense of the videographer and court reporter.  *Id.*

On June 3, 2016, the court ordered Tindle to file a letter providing at least five available weekday dates for deposition during the weeks of June 6, 2016 and June 13, 2016 and instructing Defendants to promptly re-notice Tindle's deposition for one of his available dates.  [Docket No. 155.]  Tindle failed to file the required letter, thereby violating this court's order

On June 7, 2016, the court ordered Tindle to show cause for his failure to comply with the court's June 3, 2016 order, and again ordered Tindle to file a letter indicating at least three available

weekday dates for his deposition during the week of June 13, 2016. [Docket No. 156.] Tindle filed a letter on June 9, 2016 stating that he was available for his deposition on June 15, 16, and 17, 2016. [Docket No. 157.] His letter did not explain his failure to comply with the court's June 3, 2016 order, thereby violating the court's order yet again. *Id.*

On June 9, 2016, in light of the long history of difficulty in securing Tindle's deposition, and the centrality of Tindle's testimony to the case, the court ordered Tindle's deposition to go forward, and instructed Defendants to promptly re-notice Tindle's deposition for June 15, 16 or 17, 2016. [Docket No. 159.] The court ordered Tindle to appear for his deposition. The court warned Tindle that failure to do so may result in sanctions, up to and including dismissal of his claims for failure to prosecute his case. *Id.* at 3.

As noted above, Tindle once again violated a court order by failing to appear for his June 17, 2016 deposition. He must now show cause for his multiple failures to appear for deposition, as well as his violations of court orders. If Tindle intends to assert that he was unable to attend his June 17, 2016 deposition due to his mental or emotional state, Tindle shall submit a written evaluation from his mental health care provider setting forth (1) his condition and diagnosis, (2) an assessment of his ability to provide deposition testimony, (3) an assessment of when he will be able to provide deposition testimony, and (4) whether he would require any special conditions. Tindle may lodge (rather than file) the written evaluation with the court. The written evaluation must be received by the court at the Oakland address noted above **by no later than 4:00 p.m. on July 5, 2016.** Tindle need not submit the evaluation if he is not asserting mental health as the reason for not providing deposition testimony.

Tindle's failure to comply with this Order may result in sanctions, up to and including dismissal of his claims for failure to prosecute this case.

**IT IS SO ORDERED.**

Dated: June 27, 2016

_____
Donna M. Ryu
United States Magistrate Judge

3