UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHLEEM TINDLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DALY CITY, et al., <br><br> Defendants. | Case No. 13-cv-02449-HSG (DMR) <br><br> **REPORT AND RECOMMENDATION RE: SAHLEEM TINDLE'S REPEATED FAILURE TO APPEAR FOR HIS DEPOSITION** <br><br> Re: Dkt. No. 191 |

Pro se Plaintiff Sahleem Tindle has yet again failed to appear for his deposition. Tindle received numerous opportunities to be heard on the issue, as well as repeated warnings about the potential consequences of his failure to comply with his discovery obligations, including dismissal of his claims and preclusion of his testimony at trial. In light of the long history of Tindle's non-appearance, the undersigned recommends that Tindle's claims be dismissed for failure to prosecute, and that he not be allowed to testify at trial on behalf of the other plaintiffs.[1]

The history of Tindle's failure to attend his deposition is long and complicated.[2] On November 20, 2015, the parties filed a joint discovery letter in which Defendants sought to compel Tindle to appear for his deposition, or to stay the case if Tindle was not able to give accurate deposition testimony. [Docket No. 112.] The undersigned held a hearing on the dispute on November 30, 2015. [Docket No. 116.] At the hearing, Plaintiffs' pro bono counsel represented that Tindle was

---

[1] Although this is a discovery dispute and normally would be handled pursuant to 28 U.S.C. § 636(b)(1)(A), the undersigned issues this report and recommendation in an excess of caution, as it recommends dismissal of Tindle's claims as a discovery sanction. *See* 28 U.S.C. § 636(b)(1)(C).

[2] Detailed histories are also set forth in the undersigned's June 3, 2016 and June 27, 2016 Orders [Docket Nos. 155 and 164].

unable to sit for his deposition due to the fact that he was suffering from Post-Traumatic Stress Disorder, which rendered him unable to recount the basic facts of the case. Counsel stated that Tindle had started seeing a therapist in the last two weeks and that counsel had requested a release from Tindle and an assessment from the therapist, but had not been able to obtain them. The undersigned instructed Plaintiffs' counsel to make best efforts to submit an assessment from Tindle's therapist within a week. [Docket No. 116.]

Plaintiffs did not submit the mental health assessment. Instead, on December 11, 2015, Plaintiffs filed a letter stating that Tindle would appear for his deposition. [Docket No. 120]. In light of this change in position, the undersigned instructed the parties to submit a stipulated proposed deposition schedule, which they did. [Docket Nos. 121-123.]

Prior to the date of Tindle's deposition, Plaintiffs' pro bono counsel filed a motion to withdraw as counsel of record. [Docket No. 127]. Judge Gilliam granted the motion on February 19, 2016. [Docket No. 136]. Tindle's deposition did not go forward.

On May 10, 2016, Defendants served a notice for Tindle's deposition for May 24, 2016, which Defendants state was the only date that Plaintiffs had provided for Tindle's deposition. [Docket No. 150 at 3 and Exh. 3]. On May 19, 2016, Defendants filed a unilateral discovery letter seeking to compel Tindle to appear for his deposition on May 24, 2016. [Docket No. 150.] According to Defendants, although Tindle had not objected to the notice of deposition, neither had he confirmed his intent to appear on the scheduled date. *Id.* On May 31, 2016, the undersigned issued a clerk's notice requesting that Defendants indicate whether Tindle had appeared for his deposition. [Docket No. 152.] Defendants filed a letter stating that Tindle's deposition did not go forward on May 24, 2016 because Plaintiff Yolanda Banks-Reed informed Defendants on May 20, 2016 that she could not confirm whether or not Tindle would attend his deposition. [Docket No. 153.] Defendants stated that they took the depositions off calendar to avoid the expense of the videographer and court reporter. *Id.*

On June 3, 2016, the undersigned ordered Tindle to file a letter providing at least five available weekday dates for deposition during the weeks of June 6, 2016 and June 13, 2016, and instructed Defendants to promptly re-notice Tindle's deposition for one of his available dates.

1  [Docket No. 155.]  Tindle failed to file the required letter, thereby violating the undersigned's
2  order
3  　On June 7, 2016, the undersigned ordered Tindle to show cause for his failure to comply with
4  the June 3, 2016 order, and again ordered Tindle to file a letter indicating at least three available
5  weekday dates for his deposition during the week of June 13, 2016.  [Docket No. 156.]  Tindle filed a
6  letter on June 9, 2016 stating that he was available for his deposition on June 15, 16, and 17, 2016.
7  [Docket No. 157.]  His letter did not explain his failure to comply with the June 3, 2016 order, thereby
8  violating the undersigned's order yet again.  *Id.*
9  　On June 9, 2016, the undersigned instructed Defendants to promptly re-notice Tindle's
10 deposition for June 15, 16 or 17, 2016, and ordered Tindle to appear for his deposition as noticed.
11 [Docket No. 159.]  The undersigned warned Tindle that failure to do so may result in sanctions, up to
12 and including dismissal of his claims for failure to prosecute his case.  *Id.* at 3.
13 　Tindle once again violated a court order by failing to appear for his June 17, 2016
14 deposition.  Thereafter, the undersigned issued an order for Tindle to show cause in person
15 regarding his failure to appear for his deposition, noting that if Tindle was taking the position that
16 he could not appear due to mental health issues, he had to submit specific medical documentation
17 consistent with what the undersigned had earlier ordered in December 2015.  [Docket No. 164].
18 Once again, the undersigned warned Tindle that his failure to comply with the order to show cause
19 could result in sanctions, up to and including dismissal of his claims for failure to prosecute this
20 case.
21 　The undersigned held a hearing on the order to show cause on July 7, 2016.  Tindle did not
22 appear, nor did he submit any of the specified medical documentation.  [Docket No. 165]  The
23 undersigned nevertheless gave Tindle "a final opportunity to appear in person and explain his
24 conduct" on July 8, 2016.  *Id.*
25 　Tindle finally appeared in person for the July 8, 2016 hearing.  The undersigned discussed
26 the case with Tindle directly and at length.  The undersigned did not experience any problems
27 communicating with Tindle.  He did not exhibit any hesitancy or inability to answer the
28 undersigned's questions forthrightly and clearly.  Tindle represented that he wanted to proceed

1  with the case.  He promised to appear for his deposition, and provided two dates.  The court
2  admonished Tindle once again that a failure to appear could result in an order preventing him from
3  testifying at trial.  [Docket No. 168].

4      Thereafter, the parties asked for, and were granted additional time to agree to a deposition
5  schedule.  [Docket Nos. 170 and 172].  The court entered the parties' stipulated schedule on July
6  27, 2016.  [Docket Nos. 174 and 176].  The parties ran into scheduling problems yet again,
7  whereupon the undersigned ordered the parties to appear in person on September 6, 2016, and to
8  bring their calendars.  [Docket Nos. 178 and 181.]  Tindle did not appear, in violation of the
9  undersigned's order.  However, co-plaintiff Yolanda Banks Reed was able to reach Tindle by
10 telephone, and the parties (including Tindle) agreed to a September 15, 2016 deposition for
11 Tindle.  The undersigned "warned all Plaintiffs that failure to appear for deposition on the agreed
12 upon date and time will result in recommendation to Judge Gilliam that the non-appearing
13 plaintiff's claim be dismissed for failure to prosecute."  [Docket No. 184].

14     Tindle did not show up for his September 15, 2016 deposition.  Tindle has been given
15 ample opportunity to demonstrate his intent to meet his discovery obligations and participate in
16 the prosecution of his case.  There is no evidence that Tindle cannot sit for a deposition due to a
17 mental health condition.  At this point, the undersigned has no choice but to recommend that
18 Tindle's claims be dismissed for failure to prosecute and that he be precluded from presenting
19 testimony at trial.

20     Any party may file objections to this report and recommendation with the District Judge
21 within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a);
22 N.D. Cal. Civ. L.R. 72-2.

24 **IT IS SO RECOMMENDED.**
25 Dated: September 20, 2016



Donna M. Ryu
United States Magistrate Judge