UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHLEEM TINDLE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF DALY CITY, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-02449-HSG<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: SAHLEEM TINDLE'S REPEATED FAILURE TO APPEAR FOR HIS DEPOSITION, AND DISMISSING CASE**<br><br>Re: Dkt. No. 196 |

The Court has reviewed Magistrate Judge Ryu's report and recommendation regarding Plaintiff Sahleem Tindle's repeated failure to appear for his deposition, as well as the objections of Plaintiff Yolanda Banks-Reed and the reply of Defendants City of Daly City, Officer Shane Hart, and Officer Mario Busalacchi (together, "Defendants"). *See* Docket Nos. 196, 200 & 202. The Court finds the report to be well-reasoned, thorough, and correct. Accordingly, the Court adopts the report's recommendation that Mr. Tindle's claims be dismissed as a sanction for failure to prosecute. Because no federal claim remains in the case after the dismissal of Mr. Tindle's claims, the Court declines to exercise supplemental jurisdiction over the claims of Plaintiffs Yolanda Banks-Reed, Kevin Reed, minor R.R., Ciara Turner and minor I.T. (together, "Remaining Plaintiffs"), and dismisses those claims without prejudice.

**I.    THE COURT IS NOT PERSUADED BY THE OBJECTION TO THE REPORT**

Mr. Tindle did not object to the report, and the objection filed by Ms. Banks-Reed is not persuasive. Without citing the record, Ms. Banks-Reed contends that Defendants have exploited Tindle's alleged Post-Traumatic Stress Disorder ("PTSD") "by *repeatedly postponing . . . [Tindle's] depositions and then rescheduling them for a later date.*" *See* Dkt. No. 200 (original emphasis). This claim simply is not consistent with the long record in this case: Judge Ryu's

report and the underlying docket detail the repeated instances on which Mr. Tindle failed to appear for his deposition, in violation of multiple orders of the Court. *See* Docket No. 196. Moreover, Mr. Tindle has submitted no medical documentation that he suffers from PTSD, despite multiple warnings from the Court that he must do so if he claims that his condition prevented him from appearing for his deposition. *See* Dkt. No. 196, at 2:5-6 (citing Dkt. No. 116); *id.*, at 3:14-17 (citing Dkt. No. 164); *id.*, at 4:16-17. In light of Judge Ryu's extraordinarily patient and fair approach, which gave Mr. Tindle repeated opportunities over a period of nearly a year to substantiate this claim, the Court is not persuaded by Ms. Banks-Reed's current assertion that "we are attempting to obtain the complete and most comprehensive medical records" relating to Tindle's alleged diagnosis. *See* Dkt. No. 200. As early as December 11, 2015, Plaintiffs declined to submit the mental health assessment at Judge Ryu's invitation, and instead stated that Mr. Tindle would appear for his deposition. *See* Dkt. No. 196, at 2:7-8 (citing Dkt. No. 120). Considering the ample opportunities Mr. Tindle has been given to substantiate any claim regarding his condition, and his repeated noncompliance with Court orders, the Court agrees with Judge Ryu that dismissal of his claims is fair and appropriate.

In addition, Ms. Banks-Reed argues that "<u>ALL</u> the other plaintiffs have been at all relevant times ready, willing, and available to continue moving forward." Dkt. No 200. But this has been another recurring problem in the case: as Judge Ryu has ordered, Defendants are entitled to take Mr. Tindle's pivotal deposition first, and are not required to defer to Plaintiffs' preferred order of proceeding. Dkt. No. 155 at 4. In essence, Plaintiffs argue that they should be allowed to sequence the depositions as they choose, rather than follow Judge Ryu's orders. The Court obviously disagrees: Mr. Tindle's failure to comply with Judge Ryu's repeated orders has unacceptably delayed this case and made an orderly and timely resolution of the claims impossible. Plaintiffs' preference to have other witnesses deposed before Mr. Tindle in no way mitigates these facts.

Accordingly, the Court accepts Judge Ryu's report and recommendation, and DISMISSES Mr. Tindle's claims.

## II. THE COURT DECLINES SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS OF THE REMAINING PLAINTIFFS

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 561 (quotation marks and citation omitted).

The Court has dismissed Mr. Tindle's claims, including his section 1983 claim (which was the sole federal claim in this case). The Court thus lacks original jurisdiction over the claims of the remaining Plaintiffs, who allege only state tort claims. *See* Dkt. No. 1 ("Compl.") ¶¶ 56-58 (alleging claims for negligent infliction of emotional distress). The Court declines in its discretion to assert supplemental jurisdiction over these purely state law claims and dismisses them without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Sanford*, 625 F.3d at 561 (holding that district court acted within its discretion in declining to exercise supplemental jurisdiction over pendent state law claims after granting motion to dismiss all federal claims).

## III. CONCLUSION

For the reasons set out above and in Judge Ryu's Report and Recommendation, the Court **DISMISSES** the claims of Plaintiff Sahleem Tindle for failure to prosecute. The Court declines to exercise supplemental jurisdiction over the remaining claims of Plaintiffs Yolanda Banks-Reed, Kevin Reed, minor R.R., Ciara Turner, and minor I.T., and **DISMISSES** those claims without prejudice. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: 10/17/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge